Glenn R. Kantor (State Bar No. 122643)
  email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorney for Plaintiff
Juan Castillo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUAN CASTILLO,<br><br>    Plaintiff,<br><br>  vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF ERISA (CLAIM FOR EQUITABLE RELIEF TO REMEDY BREACHES OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3))** |

Plaintiff, Juan Castillo, herein sets forth the allegations of his Complaint against Metropolitan Life Insurance Company ("MetLife").

---

COMPLAINT FOR VIOLATIONS OF ERISA

**JURISDICTION AND VENUE**

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought to remedy fiduciary breaches. Plaintiff seeks relief, including but not limited to: appropriate equitable relief surcharging MetLife for the losses sustained by Mr. Castillo, in the form of attorney's fees incurred by Mr. Castillo, due to MetLife's fiduciary breaches, prejudgment and post-judgment interest, and attorneys' fees and costs incurred in bringing this action.

2. Venue is proper within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2) because the claims at issue herein were administered in this judicial district.

**PARTIES**

3. Plaintiff, Juan Castillo, is and was at all times relevant, a resident of Newbury Park, California.

4. Plaintiff was at all times relevant a participant in the Verizon Communications long term disability plan (the "Plan"), an employee benefit group welfare plan regulated by ERISA, administered and underwritten by Defendant MetLife, and sponsored by Plaintiff's employer, Verizon Communications.

5. Plaintiff is informed and believes that the Plan is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

**FACTUAL ALLEGATIONS**

6. Mr. Castillo worked as an installation technician for Verizon Communications beginning in 1980. He became disabled after injuring his back at work in 2012.

7. Mr. Castillo applied for disability benefits. After exhausting his short-term benefits, Mr. Castillo applied for and Defendant MetLife granted his claim for long-term disability (LTD) benefits under the Plan, effective April 3, 2013.

8. After retiring in 2013, Mr. Castillo rolled over his pension benefits from two Verizon retirement plans in which he was a participant into an individual retirement account (IRA) managed by Fidelity Advisors. Such a rollover of pension benefits is not treated as a taxable receipt of benefits under IRS rules, although it must be reported to the IRS. Consistent with this requirement, Mr. Castillo reported the rollover by filing a Form 1099-R for 2013.

9. Although MetLife has known about Mr. Castillo's pension rollover since November of 2013, over a period of four years, it repeatedly deferred making a decision about the effect of this rollover on Mr. Castillo's LTD benefits.

10. Then, in late 2017, MetLife suddenly decided that Mr. Castillo's LTD benefits must be offset based on this pension rollover. By letter of December 20, 2017, MetLife informed Mr. Castillo that it would reduce Mr. Castillo's "LTD benefits in the amount of $2,501.93, effective November 1, 2013." This letter stated that this reduction in monthly benefits was due to a "notification of the award of Pension annuity benefits." This letter further stated that his Plan provided that LTD benefits are reduced by "pension benefits, including but not limited to pension benefits received in the form of an annuity or lump sum distribution (whether paid directly to you or as a direct rollover to an IRA or another qualified plan)," and that the reduction was of Mr. Castillo's benefits was "based on the value of your pension expressed as an immediate single life annuity."

11. After Mr. Castillo made a claim based on this reduction, Defendant MetLife sent him a second letter dated May 23, 2018. This letter stated that, under the terms of the LTD Plan, benefits under the Plan are reduced by "Other Income" that a claimant receives or is "entitled to receive" because of his disability. The letter then stated that Mr. Castillo's pension benefits in the monthly amount of $2,501.93

constitute such "Other Income." According to the letter, because LTD benefits were not reduced by this amount from November 11, 2013 through December 2, 2107, Mr. Castillo was overpaid benefits in the amount of $59,021.05. The letter then informed Mr. Castillo that he was entitled to a disability benefit of only $20.00 a month, and that even this small amount would be withheld and Mr. Castillo would be paid nothing until Mr. Castillo had repaid MetLife $59,021.05.

12. After receiving this letter, Mr. Castillo hired attorneys from Kantor & Kantor to represent him in challenging MetLife's reduction/elimination of his monthly benefit and demand for repayment. These attorneys promptly requested Plan documents, as well as the claims file and personnel records, and, by letter of May 30, 2018, appealed MetLife's decision.

13. In the appeal letter, Mr. Castillo, through his attorneys, argued that neither the reduction and threatened elimination of benefits nor the alleged overpayment were supported by ERISA or the terms of Mr. Castillo's benefit Plan. The letter pointed out that the Plan, in fact, does not mention pension rollovers and it requires reductions only of benefits that a plan participant "receive[s]" from certain pension plans, expressly excluding 401(k) plans.

14. In response, MetLife faxed a letter to counsel on July 2, 2018, requesting that Mr. Castillo provide proof to MetLife that Mr. Castillo rolled his pension over into an IRA, even though Mr. Castillo had previously provided MetLife with proof of the rollover in the spring of 2014. Nevertheless, Mr. Castillo's attorneys again provided such proof by letter of July 12, 2018, to which they attached Forms 1099-R for 2013 showing Verizon plan pension distributions and no taxable income attributable, a 2013 Form 5498 IRA Contribution Information showing a rollover of the pension distributions into a Fidelity IRA, and a recent investment report from this Fidelity IRA account.

15. By letter of July 17, 2018, MetLife reversed its denial of benefits. Then, on July 18, 2018, MetLife sent a letter and form directly to Mr. Castillo, and not to

the attorneys whom he had retained, asking him to again prove his entitlement to the benefits it had just determined he was due. Mr. Castillo informed his attorneys, who then sent the completed form to MetLife on July 24, 2018.

16. MetLife sent Mr. Castillo a check for $8,539.12 in benefits that had been improperly withheld, which Mr. Castillo received on July 25, 2018. This check was sent directly to Mr. Castillo despite the fact that MetLife had received a letter in May, signed by Mr. Castillo, instructing MetLife to forward all checks for payment of benefits to Mr. Castillo's attorneys at Kantor & Kantor.

17. Mr. Castillo now owes fees to his attorneys for their work in getting his full benefits reinstated.

## FIRST CAUSE OF ACTION

## FOR BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1104

18. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

19. In making the benefit determinations in this case, MetLife was acting as an ERISA fiduciary, subject to ERISA's strict duties of prudence and loyalty. 29 U.S.C. § 1104; *see also Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (courts must "consider a benefit determination to be a fiduciary act (*i.e.,* an act in which the administrator owes a special duty of loyalty to the plan beneficiaries"). This includes a duty to speak truthfully to Plan participants. *Varity v. Howe*, 516 U.S. 489, 506 (1996) ("lying is inconsistent with the duty of loyalty owed by all [ERISA] fiduciaries") (internal quotations and citation omitted). It also includes the duty to pay benefits that are owed. *E.g., Harrison v. Wells Fargo Bk., N.A.*, 773 F.3d 15, 20 (4th Cir. 2014) (those deciding claims have a fiduciary obligation to pay legitimate claims).

20. Upon information and belief, MetLife violated these duties by, among other things: (1) repeatedly failing, for four years after learning that Mr. Castillo rolled over his pensions into an IRA, to determine the effect of this rollover on Mr.

Castillo's LTD benefits; (2) in December of 2017, over four years after learning about the pension rollover, arbitrarily and without any sound basis determining that Mr. Castillo's disability benefits must be reduced by the amount of this rollover; (3) misinforming Mr. Castillo that the Plan provided that his benefits must be reduced by amounts "he is entitled to receive," including a "direct rollover to an IRA" of pension benefits, when, in fact, the Plan does not mention rollovers and requires reductions only of benefits that a plan participant "receives" from certain pension plans, expressly excluding 401(k) plans; (4) insisting that Mr. Castillo repay nearly $60,000 in benefits that were supposedly "overpaid," when this purported overpayment was through no fault of Mr. Castillo, but was solely due to the fact that MetLife repeatedly failed over a four year period to decide the effect of the pension rollover; (5) providing, in response to requests from Mr. Castillo's counsel for the complete claim file, an obviously incomplete file that does not provide any documentation of the analysis that went into the sudden decision to offset the rollover and seek recoupment and does not document who made this decision; (6) communicating directly with Mr. Castillo, and sending a check directly to him, despite being informed that he was represented by counsel and being instructed to send any check to said counsel.  Through these and other actions, MetLife repeatedly and grievously violated its duty to act with the utmost care and strictest loyalty towards the interests of Mr. Castillo, a Plan participant.

21.    As a direct and proximate result of these actions, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. §1132(a)(3):

  a.    An order surcharging MetLife for the losses sustained by Mr. Castillo in the form of attorney's fees that he was forced to incur to get MetLife to reverse its arbitrary and unsupported reduction of his LTD benefits and demand for repayment *See Cigna Corp. v. Amara*, 563 U.S. 421, 442-43

(2011) (recognizing that courts have the power in ERISA cases to surcharge plan fiduciaries for losses resulting from fiduciary breaches); *see also Zisk v. Gannett Co. Income Protection Plan*, 73 F. Supp. 3d 115, 1116-17 (N.D. Ca. 2011) (concluding that equitable relief, including attorney's fees for administrative appeal, was separate from claim for benefits and potentially available as a remedy);

  b. Additional attorney's fees and costs incurred in pursuing this action; and

  c. Such other appropriate equitable relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for judgment against Defendant, and that the judgment grant the following relief:

1. An order surcharging MetLife for losses in the form of attorney's fees incurred by Mr. Castillo as a result of MetLife's breaches of fiduciary duty in reducing his benefits and demanding repayment of previously paid benefits without justification in the Plan or ERISA.

2. Payment of all costs and reasonable attorney's fees incurred in pursuing this action, pursuant to 29 U.S.C. §1132(g).

3. Payment of pre-judgment and post-judgement interest as allowed under ERISA.

4. For such other relief as the Court deems just and proper.

Dated: October 22, 2018  **KANTOR & KANTOR, LLP**

           By: */s/ Glenn R. Kantor*
             Glenn R. Kantor,
             Attorney for Plaintiff
             Juan Castillo